UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OURIEL LOUSKY, | ) |
| Plaintiff, | ) Case No. 2:16-cv-02915-JAD-GWF |
| vs. | ) **ORDER** |
| DEAN PATTI, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Renewed Motion to Consolidate Actions (ECF No. 29), filed on October 18, 2017.[1]

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has broad discretion in determining whether to consolidate actions involving common questions of law or fact. *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-GWF, 2013 WL 6524657 at *3 (D. Nev. 2012). "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required." *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 at *2 (D. Nev. 2012). The Court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Firefighters*, 2012 WL 1986590 at *2 (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989)).

. . .

---

[1] Plaintiff did not file an opposition to Defendant's first Motion to Consolidate (ECF No. 27). Because Defendant's renewed motion is almost identical to its first motion to consolidate, the Court finds that it can rule on this motion prior to the deadline for Plaintiff's response.

Local Rule 42-1 states as follows:

> An action may be considered to be related to another action when:
>
> (1) Both actions involve the same parties and are based on the same or similar claim;
> (2) Both actions involved the same property, transaction, or event;
> (3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;
> (4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or
> (5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

Defendant requests that the Court consolidate this case with *Patti & Sgro, P.C., et al., v. Lousky,* Case No. 2:17-cv-01274-JAD-PAL.  This case arises from a failed real estate transaction between Plaintiff and Defendant concerning the real property located at 6217 Yerba Lane, Las Vegas, Nevada (the "Yerba Lane Property"). *Complaint* (ECF No. 1), ¶¶ 5-13.  Plaintiff asserts causes of action against Defendant for Breach of Contract and Declaratory Relief. *Id.* at ¶¶ 14-26.  The *Patti & Sgro* case also deals with the failed real estate transaction of the Yerba Lane Property.  There, the Plaintiffs assert that Defendant Lousky wrongfully rented out units in the property while and after the negotiations were pending. *See* Case No. 2:17-cv-1274-JAD-PAL, ECF No. 2-2, ¶¶ 10-24.  As a result of this conduct, Plaintiffs allege causes of action for Conversion, Fraudulent or Intentional Misrepresentation, Negligent Misrepresentation, Unjust Enrichment, Negligence Per Se, and Vicarious Liability/Respondeat Superior. *Id.* at ¶¶ 25-57.

On balance, the Court finds that consolidation, and the corresponding benefits (judicial economy and ability to avoid inconsistent verdicts), outweighs any inconvenience, delay, confusion, or prejudice that may result.   The two cases here, involve the same parties and the claims arise out of the same set of facts and circumstances.  Both actions stem from the failed real estate transaction concerning the Yerba Lane Property.  Because there are sufficient common questions of law or fact present in these actions, the interests of judicial economy are supported by consolidation.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Consolidate Actions (ECF No. 29) is **granted**.

. . .

2

1 **IT IS FURTHER ORDERED** that *Patti & Sgro, P.C., et al., v. Lousky,* Case No. 2:17-cv-01274-JAD-PAL, shall be consolidated with this case as the member case.

**IT IS FURTHER ORDERED** that all future filings shall be filed bearing the consolidated case caption in the lead case, 2:16-cv-02915-JAD-GWF, only.

DATED this 23rd day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3